**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

UNITED STATES OF AMERICA, CIVIL ACTION NO.:

Plaintiff, HONORABLE:

vs.

DONALD E. BELL

Defendant,

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

**Jurisdiction**

1. This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

**Venue**

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 14126 Birwood St. Detroit, MI 48238.

**The Debt**

3. The debt owed to the United States of America is as follows:

| | |
|---|---|
| *A.* Current Principal *(after application of all prior payments, credits, and offsets)* | $2,676.73 |
| B. Current Capitalized Interest Balance and Accrued Interest | $4,333.20 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| *D.* Credits previously applied *(Debtor payments, credits, and offsets)* | $904.69 |
| **Total Owed** | **$7,009.93** |

The Certificate of Indebtedness, attached as Exhibit "A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest accrues at the rate of 9.00% per annum.

**Failure to Pay**

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

B. For attorney's fees to the extent allowed by law;

C. Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

D. For such other relief which the Court deems proper.

Respectfully submitted,

By: */s/ Craig S. Schoenherr, Sr.*

CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Plaintiff
O'Reilly Rancilio PC
12900 Hall Rd Ste 350
Sterling Heights, MI 48313
Phone: (586) 726-1000
Fax: (586) 726-1560
cschoenherr@orlaw.com

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #1 OF 1**

Donald E. Bell
14126 Birwood St.
Detroit, MI 48238-2206
Account No. XXXXX8597

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07/21/11.

On or about 03/18/83 and 05/23/84, the borrower executed promissory note(s) to secure loan(s) of $1,500.00 and $1,000.00 from Gleaner Life Insurance Society, Adrian, MI. This loan was disbursed for $1,500.00 on 03/22/83 and $1,000.00 on 05/22/84, at 9.00 percent interest per annum. The loan obligation was guaranteed by Michigan Higher Education Assistance Authority, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 11/25/87, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,676.73 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 04/06/95, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $904.69 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,676.73 |
| Interest: | $4,333.20 |
| Total debt as of 07/21/11: | $7,009.93 |

Interest accrues on the principal shown here at the rate of $0.66 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 8/1/11

Loan Analyst
Litigation Support

**PETER LAROCHE**
**LOAN ANALYST**

EXHIBIT
A

BEST COPY AVAILABLE AT TIME OF IMAGING

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY
GUARANTEED STUDENT LOAN
INTERIM NOTE

Date: March 18, 1983

On July 1, 19 85 or on such accelerated or extended maturity date as provided for herein, for value received the undersigned promises to pay to GLEANER LIFE INSURANCE SOCIETY hereinafter called the Holder or order the principal sum of $ 1500.00 together with interest thereon from the date of disbursement of this loan at the rate of 9 % per annum. The undersigned hereinafter called the Maker, shall pay such principal and interest at the office of the Holder Adrian, Michigan 49221 or at such other place as the Holder hereof shall designate to the Maker in writing in lawful money of the United States of America.

| ANNUAL PERCENTAGE RATE | Amount Financed | |
|---|---|---|
| The cost of your credit as a yearly rate. Prior to repayment 7.79 % During repayment 9.00 % | The amount of credit provided to you. $ 1,410.00 | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less. Prepayment: If you pay off early, you ☐ may ☒ will not have to pay a penalty. ☐ may ☒ will not be entitled to a refund of part of the finance charge. See the promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

ITEMIZATION OF THE AMOUNT FINANCED
Loan Amount $ 1500.00
Less: Prepaid Finance Charge $ 90.00
Includes,
Insurance Premium $ 15.00
Origination Fee $ 75.00
( 5 % of Loan Amount)
Equals: Amount Financed $ 1,410.00

| Disbursement Schedule | Estimated Date of Disbursement | Loan Amount | Prepaid Finance Charge: Guarantee Fee | Prepaid Finance Charge: Origination Fee | Amount Financed |
|---|---|---|---|---|---|
| First (or entire) | 3/18/83 | 1500.00 | 15.00 | 75.00 | 1410.00 |
| Second | | | | | |
| Third | | | | | |

ACKNOWLEDGEMENT

The Maker acknowledges having read and understood this Interim Note, including the above disclosure statement and the rights and responsibilities on the reverse side, and acknowledges receipt of an exact copy of this Note at the time of execution of the Note. Principal amount of the loan, plus interest if any, may be paid at maturity or prior to maturity at the option of the Maker by remitting payment in full or by arranging with the Holder of the Note a monthly repayment schedule. The repayment schedule shall call for an interest charge which does not exceed the interest charge on this Note and any cosigner on this Note is equally liable during the repayment period.

The Maker acknowledges if Maker and Holder agree, an installment repayment schedule may be executed calling for repayment to begin earlier than the maturity date of this Note and for payments which exceed the $600 minimum or five year minimum term. In implementing such agreement the grace period may not be removed; however, the Maker may at any time [illegible] to the extent that the Maker may have a total Note term of at least five years but not more than ten years.

Prepaid Finance Charges: The Maker agrees to pay the Holder, in addition to interest and principal, [illegible] amount equal to the premium that the Holder is required to pay to the Michigan Guaranteed Student Loan Program in order to provide insurance coverage on this Note, and such premium is immediately due and payable. The Maker further agrees to pay an Origination Fee, authorized by Federal Law. The amount of insurance premium and Origination Fee, calculated on the amount of loan reasonably expected to be disbursed, shall be paid at the time of the first disbursement; however, at the Holder's option the total amount of the Origination Fee may be charged at the time of the first installment or the amount of the Origination Fee may be proportionate to the amount of each installment if the loan is disbursed in multiple installments. The insurance premium is refundable only if the loan check is returned to the Holder uncashed. The Origination Fee is refundable if the loan check is returned to the Holder uncashed or if the loan is disbursed in multiple disbursements and the full amount of the Origination Fee was charged on the first installment [illegible] of the Origination Fee shall be refunded if subsequent installments are not made.

Authorized Agent

Acceleration: The Maker agrees, (1) if he or she reduces his or her course of study to less than half time status or, (2) transfers to a school not participating under terms of the Michigan Guaranteed Student Loan Program, that the maturity date of this Note is accelerated. The accelerated maturity date on a 7% loan shall be not less than nine months nor more than twelve months after the date of the occurrence of either event of acceleration. The accelerated maturity date on a loan with an interest rate greater than 7% shall be six months after the date of the occurrence of either event of acceleration.

Extension: The Maker further agrees that if the expected completion of studies date changes during the period of this loan and that if a period of less than half time enrollment status at a participating school or non-attendance at any school or enrollment at a non-participating school does not exceed the maximum grace period, the maturity date of this Note may be extended. The new grace period for loans evidenced by a Note at a 7% rate of interest may not be less than nine months nor more than twelve months following the new completion of studies date. The new grace period for loans evidenced by a Note at a rate greater than 7% shall be six months following the new completion of studies date.

Deferment: Once the maturity date of this Note occurs, repayment is required to begin, unless the Maker is eligible and applies and receives a deferment of payments as authorized by Federal Law. Conditions and requirements for deferment are enumerated on the reverse side of this Note and are considered as part of this Note.

Maker: The Maker promises to (1) use the proceeds of the loan evidenced by this note solely to pay educational expenses attendant to his or her attendance at the participating school at which the Maker is accepted for enrollment or is already enrolled on this date and (2) send written notice to the Holder and to the Michigan Guaranteed Student Loan Program of any changes occurring in enrollment status, home address or the occurrence of any event which would cause the Holder to declare this note in default.

If the Maker dies or becomes permanently and totally disabled, the indebtedness shall be paid in full to the Holder by the Michigan Guaranteed Student Loan Program on behalf of the Maker. If the Maker shall default on this note by reason of delinquency, the unpaid balance shall, at the option of the Holder, become immediately due and payable without notice or demand and if the Holder shall incur any extra costs or expenses in connection with collections thereof, there shall additionally come due from the Maker all reasonable expenses and attorney fees and the Holder may take judgment for all such sums. In the event of default the Holder may report the default to a credit bureau. The Michigan Guaranteed Student Loan Program may refer this loan to a collection agency. If this loan is referred to a collection agency, subject to the Fair Debt Collections Practices Act, the Maker will be subject to payment of collection costs which do not exceed 25% of the unpaid principal and accrued interest.

The Maker acknowledges that he or she is legally obligated, under Section 8, Act No. 77 of the Public Acts of 1960, for the payment of the note even though he or she may be under eighteen (18) years of age. No delay on the part of the Holder or Guarantor hereof in exercising any of its options, powers, or rights or partial or single exercise thereof, shall constitute a waiver of any of such powers, options, or rights.

The borrower rights, as listed on the reverse side, pertain to this loan and are incorporated as part of this Note.

CO-SIGNER SIGNATURE Blanche V. Smith
TYPED NAME Blanche Vonciel Smith
ADDRESS 19761 Appoline
CITY Detroit STATE MI ZIP 48235
SOCIAL SECURITY NO. [redacted] - 8877

MAKER SIGNATURE Donald Bell
TYPED NAME Donald E. Bell
ADDRESS 14135 Birwood
CITY Detroit STATE MI ZIP 48238
SOCIAL SECURITY NO. [redacted] - 8597

NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

The undersigned, as endorser, guarantees payment of 100 percent of the unpaid principal balance to the Holder in the event the Maker permits this note to become in default as defined by regulations of the Michigan Higher Education Assistance Authority. In the event of default, the Maker's obligation to the Holder is transferred to the Michigan Higher Education Assistance Authority.

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

Authorized Official Patrick Cummings

LENDER COPY

## DEFERMENT OF PAYMENT

1 7 1 5 2 0 2 4 6 0 4

Payment may be deferred and federal interest subsidy continued if the Maker enters into a deferrable situation and requests deferment of payments by submitting appropriate documentation of the deferrable condition. [illegible]

1. A deferment, not to exceed of three years may be granted if the Maker is:
   a. In the Armed Forces of the United States.
   b. In full-time service as a volunteer [illegible] under Title I of the Domestic Volunteer Service Act of 1973.
   c. In service as a full-time volunteer for an organization which provides service comparable to the Peace Corps or VISTA and which is exempt from taxation under Section 501 (c) of the IRS Code of 1954.
   d. In service as an Officer in the Commissioned Corps of the Public Health Service.
   e. In the Peace Corps.
   f. Temporarily totally disabled [illegible]
2. A deferment, not in excess of 24 months, may be granted if the Maker is serving an internship [illegible] professional recognition required to begin professional practice.
3. A deferment, not in excess of 12 months, may be granted if the Maker is seeking and is unable to find full-time employment. [illegible]
4. A deferment may be granted for any period during which the Maker is:
   a. Pursuing a full-time course of study at a participating school.
   b. Pursuing a course of study under a graduate fellowship program approved by the Secretary of the United States Education Department.
   c. Pursuing a course of study under a rehabilitation training program for disabled individuals that is approved by the Secretary of the United States Education Department.

BEST COPY AVAILABLE AT TIME OF IMAGING

## MICHIGAN GUARANTEED STUDENT LOAN PROGRAM

### Statement of Student Borrower Rights and Responsibilities

Read this statement thoroughly. A guaranteed loan is a serious legal obligation. Make sure that you understand your responsibilities and the options which are available to you. When you sign this note, you are stating that you understand your rights in the program and your responsibilities and that you agree to honor them. The yearly and cumulative maximum loan amounts as established by the Michigan Guaranteed Student Loan Program are:

| Category of Borrower | Loan Limit Per Academic Year | Aggregate Loan Limit |
|---|---|---|
| Undergraduate or Vocational | $2,500 | $12,500 |
| Graduate or Professional | $5,000 | $25,000 (including undergraduate loans) |

These loan limits include any guaranteed student loans provided for under Title IV-B of the Higher Education Act of 1965, as amended, i.e., loans guaranteed by other state or private non-profit guarantee agencies, such as United Student Aid Funds, Inc. or by the Federally Insured Student Loan Program. Your lender may have loan limits which are less than those established by the Michigan Guaranteed Student Loan Program. If this is the case, your lender must provide you with a copy of the lender's loan limits.

### BORROWER'S RIGHTS

I understand:

1. That my lender must provide me with a copy of the executed Promissory Note when the loan is disbursed. [illegible]
2. [illegible]
3. [illegible]
4. [illegible]
5. [illegible]
6. [illegible]
7. [illegible]
8. That if I meet certain requirements, I have a right to defer payments on the loan [illegible]
9. [illegible]
10. [illegible]
11. [illegible]
12. [illegible]
13. [illegible]
14. [illegible]
15. [illegible]
16. [illegible]
17. [illegible]

### BORROWER'S RESPONSIBILITIES

I Understand:

1. [illegible]
2. [illegible]
3. [illegible]
4. [illegible]

RECEIVED MAR 23 1983 GLANER LIFE INSURANCE SOCIETY

**BEST COPY AVAILABLE AT TIME OF IMAGING**

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY
GUARANTEED STUDENT LOAN
INTERIM NOTE

Bell

Date: May 23, 1984

On _____July 1,_____ 19 86 or on such accelerated or extended maturity date as provided for herein, for value received the undersigned promises to pay to _____GLEANER LIFE INSURANCE SOCIETY_____

hereinafter called the Holder or order the principal sum of $ 1,000.00 together with interest thereon from the date of disbursement of this loan at the rate of __9__ % per annum. The undersigned hereinafter called the Maker, shall pay such principal and interest at the office of the Holder _____
Adrian, MI 49221

or at such other place as the Holder hereof shall designate to the Maker in writing in lawful money of the United States of America

| ANNUAL INTEREST RATE | COSTS OF LOAN |
|---|---|
| The sum of your credit as a yearly rate | $ 20.00 Insurance Premium 1½% per $100.00 loan amount |
| Prior to Maturity / During repayment | $ _____ Origination Fee (5% of loan amount) |
| 9.00 % / 9.00 % | $ 20.00 TOTAL COST |

COMPLETE: MULTIPLE DISBURSEMENT ONLY

| Disbursement Schedule | Estimated Date of Disbursement | Loan Amount | Proposed Finance Charge | | |
|---|---|---|---|---|---|
| | | | Insurance Premium | Origination Fee | Anr Disc |
| First | N.A. | | | | |
| Second | | | | | |
| Third | | | | | |
| TOTALS | | | | | |

**ACKNOWLEDGEMENT**

The Maker acknowledges having read and understood this Interim Note...

[body of acknowledgement and terms paragraphs largely illegible]

**Costs of Loan:** ...

**Late Charges:** ...

**Acceleration:** ...

**Extension:** ...

**Deferment:** ...

**Maker:** ...

| CO-SIGNER SIGNATURE: *Blanche V. Smith* | MAKER SIGNATURE: *Donald Bell* |
|---|---|
| TYPED NAME: Blanche Vonciel Smith | TYPED NAME: DONALD E. BELL |
| ADDRESS: 19761 Appoline | ADDRESS: 14135 Birwood |
| CITY: Detroit  STATE: MI  ZIP: 48235 | CITY: Detroit  STATE: MI  ZIP: 48238 |
| SOCIAL SECURITY NO: ███-██-8677 | SOCIAL SECURITY NO: ███-██-8597 |

NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

The undersigned, as endorser, guarantees payment of 100 percent of the unpaid principal balance to the Holder in the event the Maker permits this note to become in default as defined by regulations of the Michigan Higher Education Assistance Authority. In the event of default, the Maker's obligation to the Holder is transferred to the Michigan Higher Education Assistance Authority.

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

Authorized Official *Patrick Cummings*

LENDER COPY

BEST COPY AVAILABLE
AT TIME OF IMAGING

## DEFERMENT OF PAYMENT

Payment may be deferred and federal interest subsidy continued if the Maker enters into a deferrable situation and requests deferment of payments by submitting appropriate documentation of the deferrable condition on a timely basis. If the Maker was eligible for federal interest subsidy, such subsidy shall continue during the deferment per- [illegible]

1. A deferment, not in excess of three years may be granted [illegible] G-2 4 6 0 2
   a. In the Armed Forces of the United States [illegible]
   b. In full-time service as a volunteer [illegible] program under Title I of the Domestic Volunteer Service Act of 1973.
   c. In service as a full-time volunteer for an organization which provides service comparable to the Peace Corps or VISTA and which is exempt from taxation under Section 501 (c) of the IRS Code of 1954.
   d. In service as an Officer in the Commissioned Corps of the Public Health Service.
   e. In the Peace Corps.
   f. Temporarily totally disabled as established by sworn affidavit of a qualified physician or during which the Maker is unable to secure employment by reason of [illegible] required by a spouse who is so disabled.
2. A deferment, not in excess of 24 months, may be granted if the Maker is serving an internship, the successful completion of which is required in order to [illegible] professional recognition required to begin professional practice.
3. A deferment, not in excess of 12 months, may be granted if the Maker is seeking and [illegible] to find full-time employment. The unemployment deferment may [illegible] for no more than one period of unemployment.
4. A deferment may be granted for any period during which the Maker is:
   a. Pursuing a full-time course of study at a participating school.
   b. Pursuing a course of study under a graduate fellowship program approved by the Secretary of the United States Education Department.
   c. Pursuing a course of study under a rehabilitation training program for disabled individuals that is approved by the Secretary of the United States Education Department.

## MICHIGAN GUARANTEED STUDENT LOAN PROGRAM

### Statement of Student Borrower Rights and Responsibilities

Read this statement thoroughly. A guaranteed loan is a serious legal obligation. Make sure that you understand your responsibilities and the options available to you. When you sign the note, you are stating that you understand your rights in the program and your responsibilities [illegible]

The yearly and cumulative maximum loan amounts as established by the Michigan Guaranteed Student Loan Program are:

| Category of Borrower | Loan Limit Per Academic Year | Aggregate Loan Limit |
|---|---|---|
| Undergraduate or Vocational | $2,500 | $12,500 |
| Graduate or Professional | $5,000 | $25,000 including under- graduate loans |

These loan limits [illegible] Title IV-B of the Higher Education Act of 1965, as amended [illegible] or private non-profit guarantee agencies, such as United Student Aid Funds, Inc., or by the Federally Insured Student Loan Program. Your lender may have loan limits which are less than those established by the Michigan Guaranteed Student Loan Program. If this is the case, your lender must provide you with a copy of the lender's loan limits.

## BORROWER'S RIGHTS

I understand:

1. That my lender must provide me with a copy of the executed Promissory Note when the loan is disbursed. [illegible]
2. That if I have a loan which bears a 7% interest rate or was on the date I sign the Promissory Note for this loan [illegible]
3. [illegible]
4. [illegible]
5. [illegible]
6. [illegible]
7. [illegible]
8. [illegible]
9. [illegible]
10. [illegible]
11. [illegible]
12. [illegible]
13. [illegible]
14. [illegible]
15. [illegible]
16. The Michigan Guaranteed Student Loan Program [illegible]
17. [illegible]

## BORROWER'S RESPONSIBILITIES

I understand:

1. [illegible] the Michigan Guaranteed Student Loan Program [illegible]
2. That I must repay the loan [illegible]
3. [illegible]
4. [illegible]